IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| VIOLA RUSSELL, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-15-7 |
| HERB GORDON AUTO GROUP, INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Viola Russell filed suit against Herb Gordon Nissan a/k/a MileOne and Herb Gordon Auto Group, Inc., alleging harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as well as state common law claims of intentional infliction of emotional distress, negligent retention, and negligent supervision. Compl. 1, ECF No. 1.  Plaintiff feels that she was discriminated against and mistreated during her employment with Defendant Herb Gordon Nissan.  *See id.* Defendants have moved to dismiss for lack of subject matter jurisdiction on the basis that Plaintiff never filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and consequently failed to exhaust her administrative remedies. ECF No. 7.[1]  Because Plaintiff has not demonstrated that she filed a verified charge with the EEOC, her claims will be dismissed.

---

[1] The parties fully briefed the motion.  ECF Nos. 8, 10, 11.  A hearing is not necessary.  *See* Loc. R. 105.6.  Defendants also have moved to dismiss for failure to state a claim, but as the failure to exhaust administrative remedies is dispositive, I need not consider the sufficiency of Plaintiff's pleading.

Plaintiff is proceeding *pro se*, and her Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). With regard to jurisdiction, Plaintiff claims that "[a]ll applicable administrative and procedural requirements have been satisfied," asserting that "[t]he requisite Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission on October 7, 2014, and this suit was brought well within the 90 days of [her] receipt of Notice of Right to Sue." Compl. 2.

Plaintiff correctly notes that Defendants failed to comply with the Case Management Order, ECF No. 2, which she served on them and which requires a pre-motion conference before any motion is filed. Pl.'s Opp'n 2, ECF No. 10. Defendants' failure to comply with the Case Management Order would be sufficient to strike their motion. But, given that it has been pending for some time, is fully briefed, and raises lack of subject matter jurisdiction, which the Court must consider of its own accord if not raised by the parties, *see* Fed. R. Civ. P. 12(h)(3), striking is unwarranted in these circumstances. Instead, however, I will require counsel for the Defendants to show cause on or before September 11, 2015 why sanctions should not be imposed for failure to comply with the pre-motion telephone conference requirement of the Case Management Order.

**I.   FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

"'[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies.'" *Murphy v. Adams*, No. DKC-12-1975, 2014 WL 3845804, at *7 (D. Md. Aug. 4, 2014) (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)). On this basis, Defendants move to dismiss under Fed.

R. Civ. P. 12(b)(1). In considering Defendants' motion, "the Court may . . . consider matters beyond the allegations in the complaint" because Defendants assert that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

To exhaust her administrative remedies, Plaintiff must "bring[] a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). An EEOC intake questionnaire may constitute a charge under certain circumstances. *Valderrama v. Honeywell Tech. Solutions, Inc.*, 473 F. Supp. 2d 658, 662 (D. Md. 2007) ("The decisional touchstone [is] whether the [questionnaire] contain[s] the information required by the applicable regulation, 29 C.F.R. § 1601.12."). At a minimum, the applicant must provide "a written statement sufficiently precise to identify the parties, and to

3

describe generally the action or practices complained of" that constitute the alleged unlawful employment practice. 29 C.F.R. § 1601.12(b).

Yet, a claimant does not exhaust his or her administrative remedies simply by filing a charge. Rather, the charge—whether it is a formal charge or an intake questionnaire that qualifies—must be timely filed *and verified*, that is, the complainant must "affirm or swear that the allegations are true." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 108–09 (2002) (citing 42 U.S.C. § 2000e-5(b), (e)(1)); *see Merchant's v. Prince George's Cnty.*, 948 F. Supp. 2d 515, 520 (D. Md. 2013) (citing 29 DC.F.R. § 1601.9, which provides that a Title VII charge "shall be in writing and shall be verified"). "The verification requirement has the . . . object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury." *Edelman*, 535 U.S. at 113. But, "[i]n requiring the oath or affirmation, . . . Congress presumably did not mean to affect the nature of Title VII as 'a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process,'" and "[c]onstruing [§ 2000e-5(b)] to permit the relation back of an oath omitted from an original filing ensures that the lay complainant, who may not know enough to verify on filing, will not risk forfeiting his rights inadvertently." *Id.* at 115 (quoting *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 124 (1988)).

The verification requirement "is a mandatory prerequisite to the validity of the charge." *Balazs v. Liebenthal*, 32 F.3d 151, 156 (4th Cir. 1994); *Merchant's*, 948 F. Supp. 2d at 520 (same). Indeed, in the Fourth Circuit, failure to comply with § 2000e-5(b)'s verification requirement "is fatal to an action seeking relief under Title VII." *Balazs*, 32 F.3d at 156; *Merchant's*, 948 F. Supp. 2d at 520 (same). Nonetheless, an unverified charge, or intake questionnaire that qualifies as a charge, may be verified at a later date and that verification will

relate back to the date of filing of the unverified charge. *See Edelman*, 535 U.S. at 109; *see id.* at 113 (noting that the purpose of the verification requirement "demands an oath only by the time the employer is obliged to respond to the charge, not at the time an employee files it with the EEOC"); *Merchant's*, 948 F. Supp. 2d at 520 ("An unverified document that satisfies the other substantive requirements for a charge can be cured by a later-filed charge that is verified, in which case the verified charge relates to the filing date of the unsworn charge.").

In her Opposition, Plaintiff insists that she exhausted her administrative remedies when she "filed the EEOC Complaint/Charge on 5/20/2014." Pl.'s Opp'n 1. In support, Plaintiff attaches a filing dated May 20, 2014, but it is her EEOC intake questionnaire, not the final charge. Pl.'s Opp'n Exs. F–I, ECF Nos. 10-6 – 10-9. She also attaches a notice that the EEOC sent to MileOne - Herb Gordon Nissan, stating that "a charge of employment discrimination has been filed against your organization under . . . Title VII" and listing Russell as the filer. Pl.'s Opp'n Ex. B, ECF No. 10-2. But the notice also states that "[n]o action is required by you at this time," and in bold letters, that "a perfected charge . . . will be mailed to you once it has been received from the Charging Party." *Id.* Exhibit C, a letter from the EEOC to Plaintiff, states that she will be receiving paperwork for filing the formal charge of discrimination. Significantly, Plaintiff has not attached a formal charge or later verification.

Plaintiff's intake questionnaire is signed but not verified. *See* Pl.'s Opp'n Exs. F–I. Consequently, assuming for the sake of argument that it otherwise qualifies as a charge, it is insufficient in and of itself to exhaust administrative remedies because it is not signed under oath or affirmation. *See Edelman*, 535 U.S. at 108–09; *Balazs*, 32 F.3d at 156; *Merchant's*, 948 F. Supp. 2d at 520. Moreover, Plaintiff has not offered any later filing under oath or affirmation to verify the intake questionnaire. *See Edelman*, 535 U.S. at 108–09; *Merchant's*, 948 F. Supp. 2d

at 520.  Thus, she has not proved that she exhausted her administrative remedies, and her Title VII claims are subject to dismissal.  *See Evans*, 166 F.3d at 647; *Balazs*, 32 F.3d at 156; *Merchant's*, 948 F. Supp. 2d at 520; Fed. R. Civ. P. 12(b)(1).  This dismissal is without prejudice.  *See* Fed. R. Civ. P. 41(b).

## II.   SUPPLEMENTAL JURISDICTION

The remaining claims are state common law tort claims over which the Court would have had supplemental jurisdiction if it had original jurisdiction of the Title VII claims.  Given that Plaintiff has not established this Court's jurisdiction over the Title VII claims, I will dismiss without prejudice the remaining claims as well.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction [over claims that form part of the same controversy as those over which they have original jurisdiction] if . . . (3) the district court has dismissed all claims over which it has original jurisdiction.").

## III.  LEAVE TO AMEND

Plaintiff also requests leave to file an amended complaint to cure the deficiencies Defendants identified in her Complaint.  Pl.'s Opp'n 3.  Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility." *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).  Plaintiff cannot cure her failure to exhaust administrative remedies through her pleading because the dismissal is not based upon a deficiency in pleading, but rather on a failure by Plaintiff to establish that she exhausted her administrative remedies by filing a verified charge or

6

intake questionnaire that qualifies as a charge, or that she subsequently cured this deficiency by providing post-filing verification. Therefore, Plaintiff's request is denied, as amendment would be futile. *See MTB Servs., Inc.*, 2013 WL 1819944, at *3.

## ORDER

Accordingly, it is, this 21st day of August, 2015, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 7, IS GRANTED;

2. Plaintiff's request to amend, included in her Opposition, IS DENIED;

3. Plaintiff's Complaint IS DISMISSED;

4. Counsel for the Defendants IS DIRECTED to show cause on or before September 11, 2015 why sanctions should not be imposed for failure to comply with the pre-motion telephone conference requirement of the Case Management Order; and

5. The Clerk IS DIRECTED to CLOSE THIS CASE (except with regard to No. 4, above) and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

/S/
Paul W. Grimm
United States District Judge

cc: Viola Russell
    P.O. Box 471095
    District Heights, MD 20753

lyb